JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Defendant-appellant James Rose entered guilty pleas to three charges of aggravated vehicular assault, felonies of the second degree, in violation of R.C. 2903.08(A)(1). The offenses occurred in August, 2002. The trial court imposed a three-year term of incarceration for each offense and ordered the terms to run concurrently. The court further imposed a ten-year driver's license suspension. Rose now appeals.
In a single assignment of error, Rose argues that the trial court was authorized to impose a license suspension of no more than five years pursuant to R.C. 4507.16(B). But subsection (B) applies only in cases where an offender is convicted of driving under the influence in violation of R.C. 4511.19(A).[1] Subsection (A) of R.C. 4507.16 applies where an offender is convicted of aggravated vehicular assault in violation of R.C. 2903.08.[2] Specifically, R.C. 4507.16(A)(2) requires the trial court to suspend the license of an offender convicted of aggravated vehicular assault for the period of time specified in R.C.2903.08.[3] In this case, the trial court was required by R.C.2903.08(B)(1) to suspend Rose's license for a definite period of two to ten years.[4] The trial court did not err in imposing the ten-year suspension.
Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Hendon, JJ.
[1] See Am.H.B. No. 7, effective Aug. 7, 2001.
[2] Id.
[3] Id.
[4] See R.C. 2903.08(B)(1) (Am.S.B. No. 107, effective March 23, 2000).